UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KIANA JACKSON

Plaintiff,

-against-

ROOSEVELT LEE 38 LLC

Defendant.
--------------------------------------------------------------x

**CV**

**COMPLAINT**

**JURY TRIAL REQUESTED**

## COMPLAINT

Plaintiff Kiana Jackson (hereafter referred to as "Plaintiff"), by counsel, The Parker Law Group P.C., as and for the Complaint in this action against Defendant Roosevelt Lee 38 LLC (also referred to as "Defendant"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendant. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages, nominal damages, and attorney's fees, costs, and expenses to redress Defendant's unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"); the New York State Civil Rights Law, § 40 *et. seq.*; and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendant owns, leases, leases to, operates, and/or controls a place of public accommodation that violates the above-mentioned laws. Plaintiff also alleges a claim for Negligence and seeks damages

for bodily injury proximately caused by the Defendant's Negligence. Defendant is vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant's acts of discrimination alleged herein occurred in this district and Defendant's place of public accommodation that is the subject of this action is in this district.

## PARTIES

4. Defendant Roosevelt Lee 38 LLC owns the real property and building located at 38 West 32nd Street in New York County, New York (hereinafter referred to as "38 West 32nd Street").

5. At all relevant times, Defendant leases Suite 1410 inside 38 West 32nd Street to an entity that does business as Lash Maker NY (hereinafter referred to as the "Lash Maker NY").

6. Defendant is licensed to and does business in New York State.

7. At all times relevant to this action, Plaintiff Kiana Jackson has been and remains currently a resident of Washington DC

8. At all times relevant to this action, Plaintiff Kiana Jackson has been and remains a wheelchair user. Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.

9. Plaintiff was born and raised in the Bronx New York and still has an extensive number of family members residing in New York City.

10. On an almost monthly basis, Plaintiff travels to New York City to visit family members.

11. At all times relevant to this action, Plaintiff has had and continues to have eyelash work performed several times a year.

12. In February 2026, Plaintiff was looking for a place in Manhattan to receive eyelash services.

13. Plaintiff utilized the Groupon App to find deals in Manhattan for eyelash services.

14. Plaintiff saw that Lash Maker NY had a deal offered on Groupon for a lash service.

15. Because plaintiff utilizes a wheelchair, she called Lash Maker NY and asked if the building - 38 West 32nd Street - was wheelchair accessible.

16. Plaintiff was informed that 38 West 32nd Street is wheelchair accessible.

17. In reliance on 38 West 32nd Street being wheelchair accessible, Plaintiff purchased the Groupon offered by Lash Maker NY.

18. Plaintiff arrived for her appointment at Lash Maker NY in February 2026.

19. Plaintiff received eyelash services at Lash Maker NY and was satisfied with the service provided.

20. While inside the Lash Maker NY space, Plaintiff asked to utilize their bathroom.

21. The staff at Lash Maker NY provided Plaintiff with a key for the bathroom located on the same floor.

22. Plaintiff left the Lash Maker NY space and traveled in the hallway to the bathroom.

23. Upon information and belief, Lash Maker NY does not or operate the bathroom located in the hallway on their floor.

24. Defendant owns and operates the bathroom located on the floor where Lash Maker NY has space.

25. As described below, the bathroom is not wheelchair accessible.

26. Plaintiff desires to return to receive further lash services but is deterred from returning to Lash Maker NY because there is no wheelchair accessible bathroom located on their floor.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

27. Defendant is a public accommodation as it owns, leases, leases to, controls and/or operates a place of public accommodation, 38 West 32nd Street and the Lash Maker NY premises located at 38 West 32nd Street, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102(9)).

28. 38 West 32nd Street and the Lash Maker NY premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative

Code (§ 8-102(9)) as it is a facility operated by a private entity and its operations affect commerce.

29. Numerous architectural barriers exist on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

30. Upon information and belief, at some time after January 1992, alterations were made on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located, including areas adjacent and/or attached to 38 West 32nd Street.

31. The services, features, elements and spaces on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA").

32. Because of Defendant's failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff was and has been unable to enjoy safe, equal, and complete access to all of the areas on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located that are open and available to customers of tenants.

33. Defendant's place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, and/or the Building Code of the City of New York ("BCCNY").

34. Barriers to access that Plaintiff experienced, encountered and/or which deter Plaintiff from patronizing the floor inside 38 West 32nd Street where the Lash Maker NY premises is located as well as architectural barriers that exist include, but are not limited to, the following:

I. Defendant fails to provide an accessible public toilet room. See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606; Administrative Code §§ 27-292(b), 27-292.12, RS-16, and P104.09(c); and BCCNY § 1109.2.

II. At the inaccessible public toilet room, Defendant does not provide and display the International Symbol of Accessibility with the required information indicating the location of a designated and nearest accessible public toilet room. See Standards §§ 4.1.6(3)(e)(iii), 4.1.3(16)(a), 4.1.2(7), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.3, 216.8, 703, 703.7.2.1; BCCNY § 1110.1.

III. Defendant does not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor. See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703.

IV. Defendant fails to provide the minimum required maneuvering clearance of level and clear floor space inside the toilet room. See 1991 Standards §§ 4.16.2, 4.17.3, 4.23.3, 4.22.3; and 2010 Standards §§ 604.3, 604.8.1.1; and Administrative Code §§ 27-292, RS-16, and P104.09(c).

V. Defendant fails to provide that the minimum required floor space free of obstructions and/or fixtures exists inside the toilet room. See 1991 Standards § 4.16.2, 4.23.3, 4.22.3; and 2010 Standards § 604.3.2.

VI. Defendant fails to provide the minimum required turning diameter of 60 inches of level and clear space inside the toilet room. See 1991 Standards § 4.2.3; 4.23.3, 4.22.3; and 2010 Standards §§ 603.2.3, 304.

VII. Defendant fails to provide that the pipes under the lavatory are insulated, nonabrasive, or otherwise protected against contact thereby exposing plaintiff to

severe personal injury. See 1991 Standards §§ 4.1.3(11), 4.19.4, 4.22.6, 4.24.6; and 2010 Standards §§ 213.3.4, 606.5.

VIII. Defendant fails to provide that the bottom edge of the reflecting surface of the mirror above the lavatory is no greater than 40 inches above the finished floor. See 1991 Standards §§ 4.1.3(11), 4.19.6, 4.23.6, 4.22.6; and 2010 Standards §§ 213.3.4, 603.3, 213.3.5.

IX. Defendant fails to provide the minimum required unobstructed floor space in front of the lavatory in the public toilet room. See 1991 Standards §§ 4.19.3, 4.1.3(11), 4.22.3, 4.22.6, 4.23.2 4.24.5; and 2010 Standards §§ 213.3.4, 606.2, 305, 306.

X. Defendant fails to provide that the door does not swing into the minimum required unobstructed floor space for the lavatory. See 1991 Standards §§ 4.22.2, 4.22.3, 4.23.2, 4.23.3, 4.23.7, 4.24.5; and 2010 Standards §§ 213.3.4, 603.2.3, 606.2.

XI. Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the door to the toilet room and/or stall. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XII. Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door exit. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

XIII. Defendant fails to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door is free of obstructions, which include, but are not limited to, trash container(s). See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards § 404.2.4.3, 305.3, 604.8.1.2.

XIV. Defendant's interior bathroom entrance door requires more than five pounds of force to open. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9, 604.8.1.2.

XV. Defendant fails to provide that the bathroom entrance door handle hardware does not require tight grasping, tight pinching and twisting of the wrist to operate. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

XVI. Defendant fails to provide that the toilet door lock hardware does not require tight grasping, tight pinching and twisting of the wrist to operate. See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7) and 4.13.9; and 2010 Standards §§ 206.5.1, 404.2.7, 309.4, 604.8.1.2.

XVII. Defendant fails to provide that the doorway to the toilet has at least 32 inches in clear width when opened. See 1991 Standards §§ 4.22.2, 4.17.5, 4.13.4, 4.13.5, 4.1.3(7); 2010 Standards §§ 404.2.3, 604.8.1.2; BCCNY § 1107.6.1.3; and Administrative Code § 27-371(e) and RS-16 § P104.09(c).

XVIII. Defendant fails to provide rear and side toilet grab bars inside the toilet room. See Standards §§ 4.1.3(11), 4.17.3, 4.17.6, 4.22.4, 4.16.4; 2010 Standards § 604.5, 604.8.1.5, 609; and Administrative Code RS-16 § P104.09(c).

XIX. Defendant fails to provide a grab bar for the sidewall that is at least 42 inches in length and extends more than 54 inches from the wall behind the toilet. See Standards §§ 4.17.6, 4.16.4; and 2010 Standards § 604.5.1, 604.8.1.5, 609.

XX. Defendant fails to provide a grab bar for the sidewall that starts at a point no greater than 12 inches from the rear wall behind the toilet. See Standards §§ 4.17.6, 4.16.4; and 2010 Standards § 604.5.1, 604.8.1.5, 609.

XXI. Defendant fails to provide a grab bar behind the toilet that is at least 36 inches in length. See Standards §§ 4.17.6, 4.16.4, 4.17.3, 4.22.4, 4.1.3(11); and 2010 Standards §§ 604.5.2, 213.3.2, 609.

XXII. Defendant fails to provide a grab bar behind the toilet that is of sufficient length from the toilet centerline – 12 inches minimum on one side and 24 inches minimum on the other side. See Standards §§ 4.17.6, 4.16.4, 4.17.3; and 2010 Standards §§ 604.5.1 and 604.5.2.

XXIII. Defendant fails to provide that a toilet stall with the minimum required clear floor toe clearance. See 1991 Standards § 4.17.4; and 2010 Standards § 604.8.1.4.

35. As required by the ADA (remedial civil rights legislation) to properly remedy Defendant's discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the floor inside 38 West 32nd Street where the Lash Maker NY premises is located to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends to amend the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

36. Defendant has denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

37. Defendant has not complied with its statutory obligations to ensure that their policies, practices, and procedures for persons with disabilities are compliant with the laws. Nor have Defendant made or provided accommodations or modifications for persons with disabilities.

38. Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendant's non-compliance with the laws prohibiting disability discrimination. The barriers to access within the floor inside 38 West 32nd Street where the Lash Maker NY premises is located continue to exist and deter Plaintiff.

## FIRST CAUSE OF ACTION
## (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

39. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

40. Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

41. The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. 36.201(b).

42. Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e., lease agreement). 28 C.F.R. 36.201(b).

43. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation

all because Plaintiff is a person with a disability. Defendant's policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

44. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

45. Defendant has discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

46. The Lash Maker NY premises are not fully accessible and fail to provide an integrated and equal setting for people with disabilities, in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

47. Defendant failed to make alterations accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

48. The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

49. Defendant failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

50. By failing to remove the barriers to access where it is readily achievable to do so, Defendant has discriminated against Plaintiff on the basis of disability in violation

of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

51. In the alternative, Defendant has violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

52. Defendant's failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

53. Defendant has and continues to discriminate against Plaintiff in violation of the ADA by failing to maintain and/or create a wheelchair accessible public accommodation.

**SECOND CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

54. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

55. Plaintiff has various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore has a disability within the meaning of the Executive Law § 296(21).

56. In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the

provisions of this article, have been so construed". See Executive Law § 300 [effective date: August 12, 2019].

57. By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

58. Defendant has and continues to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation because Plaintiff is a person with a disability.

59. Defendant discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation.

60. Defendant has failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

61. In the alternative, Defendant has failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(iv)).

62. It would be readily achievable to make Defendant's place of public accommodation fully accessible.

63. It would not impose an undue hardship or undue burden on Defendant to make their place of public accommodation fully accessible.

64. As a direct and proximate result of Defendant's unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

65. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

66. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

67. Plaintiff has various medical conditions that separately and together impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102(16)).

68. Defendant has and continues to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

69. Defendant has and continues to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

70. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating, and/or maintaining an inaccessible commercial facility/space.

71. Defendant has subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

72. Defendant's policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107(4)).

73. In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendant has and continues to, aid and abet, incite, compel, or coerce others in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

74. Defendant's conduct also violates the NYCHRL, Administrative Code 8-107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

75. Because Defendant's public accommodation is not readily accessible and usable by people with disabilities, Defendant has demonstrated a policy or practice that has a disproportionately negative impact on people with disabilities (including Plaintiff).

76. Defendant's conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendant is enjoined from further violations, Plaintiff will

continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendant's public accommodation.

77. As a direct and proximate result of Defendant's unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

78. Upon information and belief, Defendant's long-standing refusal to make its place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

79. By failing to comply with the law in effect for decades, Defendant has articulated to persons with disabilities such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of its public accommodation.

80. Defendant engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

81. By refusing to make its place of public accommodation accessible, Defendant has unlawfully profited from its discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that it should have lawfully expended to pay for a fully compliant and accessible space. Defendant's unlawful profits plus interest must be disgorged.

82. Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

83. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

84. Defendant discriminated against Plaintiff pursuant to New York State Executive Law.

85. Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

86. Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**FIFTH CAUSE OF ACTION**
**(COMMON LAW NEGLIGENCE)**

87. Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

88. Defendant negligently designed, constructed, operated, repaired, and maintained its place of public accommodation located on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located in a manner that has rendered its place of public accommodation unsafe to the disabled Plaintiff.

89. At all relevant times, Defendant, who hold its property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain its place of public accommodation on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located in a reasonably safe condition.

90. Defendant breached its duty by negligently designing, constructing, operating, repairing, and maintaining its place of public accommodation located on the

floor inside 38 West 32nd Street where the Lash Maker NY premises is located in a manner that has unreasonably endangered the Plaintiff's physical safety and caused bodily injury to Plaintiff.

91. Defendant's failure to design, construct, operate, repair, and maintain its place of public accommodation located on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located in a manner that is safe to the disabled Plaintiff has proximately caused Plaintiff to suffer bodily injury.

92. Defendant has had actual and constructive notice that its place of public accommodation located on the floor inside 38 West 32nd Street where the Lash Maker NY premises is located is not safe to people with disabilities.

93. As a direct result of Defendant's negligence, Plaintiff has suffered and continues to suffer a bodily injury in an amount to be determined at trial.

## INJUNCTIVE RELIEF

94. Plaintiff will continue to experience unlawful discrimination because of Defendant's failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendant to alter and modify its place of public accommodation and its operations, policies, practices, and procedures.

95. Injunctive relief is also necessary to make Defendant's facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

96. Injunctive relief is further necessary to order Defendant to provide auxiliary aids or services, modification of its policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendant, jointly and severally, in favor of Plaintiff that contains the following relief:

A. Enter declaratory judgment declaring that Defendant has violated the ADA and its implementing regulations, NYSHRL and NYCHRL and declaring the rights of Plaintiff as to Defendant's place of public accommodation, and Defendant's policies, practices, and procedures;

B. Issue a permanent injunction ordering **Defendant to close and cease all business** until Defendant remove all violations of the ADA, the 1991 Standards or the 2010 Standards, NYSHRL and NYCHRL, including but not limited to the violations set forth above;

C. Retain jurisdiction over the Defendant until the Court is satisfied that the Defendant's unlawful practices, acts and omissions no longer exist and will not reoccur;

D. Award Plaintiff compensatory damages and nominal damages because of Defendant's violations of the NYSHRL and the NYCHRL;

E. Award Plaintiff punitive damages to punish and deter the Defendant for its violations of the NYCHRL;

F. Award Plaintiff the monetary penalties for each violation of the law pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G. Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL, and the ADA; and

H. For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: August 14, 2026
New York, New York

Respectfully submitted,

**THE PARKER LAW GROUP P.C.**

By:______________________
Glen H. Parker, Esq.
Attorneys for Plaintiff
28 Valley Road, Suite 1
Montclair, New Jersey 07042
Telephone: (347) 292-9042
Email: ghp@parkerlawusa.com